UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JAMES WELLS and PAULA WELLS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:03-cv-198 RLY/WGH |
| | ) | |
| TOYOTA MOTOR MANUFACTURING, | ) | |
| INDIANA. INC. and FLAGG CLEANING | ) | |
| SERVICES, INC., | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs James and Paula Wells brought this suit against Defendants Toyota Motor Manufacturing, Indiana, Inc. ("Toyota") and Flagg Cleaning Services, Inc., alleging negligence and loss of consortium. James Wells ("Wells") allegedly suffered injuries as a result of a fall that took place at Toyota's Princeton, Indiana facility on December 13, 2002. The matter is now before the court on Defendants' Motion for Summary Judgment. For the following reasons, Defendants' Motion is **denied**.

**I.    Background**

Toyota Motor Manufacturing, North America, Inc. ("TMMNA"), a Kentucky corporation, hired the construction general contractors for Toyota's East Assembly Plant. (Patton Aff. ¶ 3). TMMNA contracted with Industrial Tech. Services, Inc. ("Industrial") for the purchase and installation of an overhead seat conveyor system as part of the East Assembly Plant construction. (Patton Aff. ¶ 8, Ex. 1). Industrial purchased the overhead

1

seat transfer system from Oichi, a Japanese corporation. (Patton Aff. ¶ 9). Industrial subcontracted the installation of the overhead conveyor system to L.G. Fox. (Patton Aff. ¶¶ 8, 10). During the construction project, Toyota employed Wayne Miller and Mike Kelly as on-site construction safety specialists. (Response at 5).

On December 13, 2002, Wells was employed by L.G. Fox, a construction company, and he was working at Toyota's East Assembly Plant as one of two general foremen for L.G. Fox. (Wells Dep. at 9, 14). Flagg was a subcontractor hired by L.G. Fox to perform painting services at the East Assembly Plant. (Wynn Dep. at 55-56).

TMMNA uses a system called the "kanban" system to evaluate the progress of construction. In the kanban system, different colors signify different stages of progress: white for initial installation, pink for continuing installation, yellow for finishing construction, and green for completion. (Patton Aff. ¶ 12). As of February 6, 2003, the overhead seat conveyor system had not reached green kanban. (Patton Aff. ¶ 14). Sometime after October 30, 2002, Oichi started testing the overhead seat conveyor system during the plant's first shift, while L.G. Fox continued construction during the second shift. (Patton Aff. ¶¶ 9, 16).

Wells fell into an open hole of the conveyor system on December 13, 2002, injuring himself. (Wells Dep. at 55, 94). That night, L.G. Fox had hired Flagg to touch up paint on the overhead conveyor system. (Barbas Aff. ¶ 3). Two Flagg employees did the painting job, Rick Moers and Wayne Mehringer. (Barbas Aff. ¶ 3). When they were done painting, they sought out Wells to have him approve their work. (Moers Aff. ¶ 5;

Wynn Dep. at 82-83). Wells went up a set of stairs to the screen guard to inspect Flagg's painting. (Wells Dep. at 82). As he was walking on the deck, he fell through a hole and landed on a seat delivery station fifteen feet below, cutting his scalp, left leg, and tendons in his left ear. (Wells Dep. at 116-17).

The parties dispute who was responsible for Wells' fall. Wells contends that Toyota failed to adhere to OSHA regulations (Response at 3), and Flagg did not properly barricade the open hole hazard. (Response at 8). Defendants argue that neither Flagg nor Toyota had a duty of care for Wells, and therefore, they cannot be held liable.

## II.    Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

When deciding whether a genuine issue of material fact exists, the court must "draw all inferences in the light most favorable to the non-movant. But in so doing, we draw only reasonable inferences, not every conceivable inference." *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987) (internal citation omitted). The moving party bears the burden of demonstrating the "absence of evidence

3

on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial.  *Celotex*, 477 U.S. at 322.

**III.**  **Analysis**

In order to establish his claims for negligence, Wells will have to show: (1) a duty owed to him by Defendants; (2) a breach of that duty by Defendants; and (3) that the breach was the proximate cause of his injuries.  *E.g., Parojic v. Bethlehem Steel Corp.*, 128 F.3d 601, 603 (7th Cir. 1997); *Kincade v. MCA Corp.*, 773 N.E.2d 909, 911 (Ind. Ct. App. 2002).

**A.**  **Toyota**

Wells argues that Toyota was negligent under a theory of premises liability.  In Indiana:

> A possessor of land is subject to liability for physical harm
> caused to his invitees by a condition on the land if, but only if,
> he
> (a) knows or by the exercise of reasonable care would
> discover the condition, and should realize that it involves an
> unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the
> danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the
> danger.

*PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 957-58 (Ind. 2005) (quoting Restatement (Second) of Torts, § 343).

According to Wells, L.G. Fox had essentially finished its role in the construction at the time of his accident, and at that time, Toyota controlled the area where he fell. Therefore, Wells argues that Toyota had a duty to keep the area reasonably safe. *See* Restatement (Second) of Torts, § 343. Toyota counters that it did not have superior knowledge to Wells regarding the open hole and is therefore not liable. *See PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 960 (Ind. 2005) (citing *Armstrong v. Cerestar USA, Inc.*, 775 N.E.2d 360, 372 (Ind. Ct. App. 2002), *trans. denied*).

Upon review of the record and of the cases cited by the parties, the court concludes that Wells has raised issues of fact regarding who was in control of the area at the time of his fall. Thus, whether Toyota assumed a duty for Wells is in question. Likewise, whether Wells was contributorily negligent in his fall and whether his fall was foreseeable are questions for the jury.

**B.      Flagg**

Wells argues that Flagg owed a duty to him because of its presence at Toyota's facility as a subcontractor. (*See* Ex. 1 (Docket #58), Toyota's safety manual for contractors and subcontractors). According to Wells, that duty was breached when Moers failed to warn him about the open hole. (Moers Dep.). The court finds that Wells has raised an issue of fact regarding the extent of Flagg's duty to Wells and any breach thereof.

**IV.    Conclusion**

Wells has raised genuine issues of material fact regarding Defendants' negligence.

Therefore, Defendants' Motion for Summary Judgment is **denied**.

Dated: March 31, 2006.

                                                          RICHARD L. YOUNG, JUDGE
                                                          United States District Court
                                                          Southern District of Indiana

Electronic copies to:

Sarah Jane Graziano
KLEZMER & ASSOCIATES
sgraziano@randyklezmer.com

Randal M. Klezmer
KLEZMER & ASSOCIATES
rklezmer@randyklezmer.com

Christopher D. Lee
KAHN DEES DONOVAN & KAHN
clee@k2d2.com

Nathan B. Maudlin
KLEZMER & ASSOCIATES
nmaudlin@randyklezmer.com

Kristi Prutow Cirignano
KAHN DEES DONOVAN & KAHN
kprutow@k2d2.com

Fred S. White
BAMBERGER FOREMAN OSWALD & HAHN
fwhite@bamberger.com