UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JAMES WELLS and PAULA WELLS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 3:03-cv-198 RLY/WGH |
| | ) | |
| TOYOTA MOTOR MANUFACTURING, | ) | |
| INDIANA. INC. and FLAGG CLEANING | ) | |
| SERVICES, INC., | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL**

Plaintiffs James and Paula Wells brought this suit against Defendants Toyota Motor Manufacturing, Indiana, Inc. ("Toyota") and Flagg Cleaning Services, Inc. ("Flagg"), alleging negligence and loss of consortium.  James Wells ("Wells") allegedly suffered injuries as a result of a fall that took place at Toyota's Princeton, Indiana facility on December 13, 2002.  The matter is now before the court on Defendants' Motion for Certification of Interlocutory Appeal.  For the following reasons, Defendants' Motion for Certification is **denied**.

**I.    Background**

On December 13, 2002, Wells was employed by L.G. Fox, a construction company, and he was working at Toyota's East Assembly Plant as one of two general foremen for L.G. Fox.  That night, L.G. Fox had hired Flagg to touch up paint on the

overhead conveyor system being installed at the East Assembly Plant.  Two Flagg employees, Rick Moers and Wayne Mehringer, did the painting job.  When they were done painting, they sought out Wells to have him approve their work.  As he was inspecting the work, he fell through an open hole and landed on a seat delivery station fifteen feet below, cutting his scalp, left leg, and tendons in his left ear.

In their briefs of Defendants' Motion for Summary Judgment, the parties disputed who was responsible for Wells' fall.  Wells contended that Toyota failed to adhere to OSHA regulations and that Flagg did not properly barricade the open hole hazard.  Defendants argued that neither Flagg nor Toyota had a duty of care for Wells, and therefore, they could not be held liable.  Upon review, the court determined that Plaintiffs had raised issues of material fact regarding Defendants' alleged negligence.  In the instant motion and pursuant to 28 U.S.C. § 1292(b), Defendants ask the court to certify an interlocutory appeal of its determination that Plaintiffs' claims survive summary judgment.

## II.     Standard for Interlocutory Appeal

28 U.S.C. § 1292(b) allows for interlocutory appeal from an otherwise unappealable order when that order  "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of litigation."  Additionally, the petition for interlocutory appeal must be filed within a reasonable time.  *Electronics, Ltd. v. Panache Broadcasting of Pennslyvnia, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000).

**III.   Analysis**

The court's denial of summary judgment was based on issues of fact being raised. (Entry on Summary Judgment at 5).  These are questions of fact, and not of law.  Because there is no "controlling question of law" in dispute, Defendants' Motion to Certify fails to meet the standard outlined in 28 U.S.C. § 1292(b).  *See Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.").

**IV.   Conclusion**

Defendants have requested a hearing on the instant motion.  (Brief in Support at 8). The court, in its discretion, finds such a hearing unnecessary.  Defendants' Motion for Certification of Interlocutory Appeal (Docket # 64) is **denied**.

Dated:  July 19, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Sarah Jane Graziano
HENSLEY LEGAL GROUP
sgraziano@hensleylegal.com

Randal M. Klezmer
KLEZMER & ASSOCIATES
rklezmer@randyklezmer.com

Christopher D. Lee
KAHN DEES DONOVAN & KAHN
clee@k2d2.com

Nathan B. Maudlin
KLEZMER & ASSOCIATES
nmaudlin@randyklezmer.com

Kristi Prutow Cirignano
KAHN DEES DONOVAN & KAHN
kprutow@k2d2.com

Fred S. White
BAMBERGER FOREMAN OSWALD & HAHN
fwhite@bamberger.com